■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. DOUGLAS, Appellant.—Judgment, Supreme Court, New York County (Albert P. Williams, J.), rendered March 17, 1987, convicting defendant, after a jury trial, of robbery in the second degree and sentencing him, as a violent felony offender, to an indeterminate term of from 1½ to 4½ years' imprisonment, unanimously reversed, on the law, and the matter remanded for a new trial.

As conceded by the People, it was error for the Trial Justice, at the conclusion of his charge and over defense objection, to give the jury written copies of the portion of his charge which recounted the indictment and explained the statutory elements of the crimes charged, robbery in the first and second degrees. Such error cannot be considered harmless and requires a reversal of the conviction and a new trial *(People v Owens,* 69 NY2d 585; *People v Hill,* 133 AD2d 556).

Regarding defendant's speedy trial claim, we find that the trial court's denial of defendant's motion, pursuant to CPL 30.30, to dismiss the indictment was proper under the circumstances. The seven-day period between December 23 and De-

cember 30, 1985 is not chargeable to the People since the latter date was requested by defense counsel in order for defendant to confer with his attorney and to decide whether or not to testify before the Grand Jury. The 35 days during which the defendant's speedy trial motion was pending are expressly excludable pursuant to CPL 30.30 (4) (a) and the People's delay in responding to such motion cannot be said to have delayed the court's determination of such motion, where defense counsel was absent due to illness on the date originally set for a decision. Finally, the seven-day adjournment requested by the People after the court's denial of the speedy trial motion appears reasonable and should not be charged to them. *(See, People v Green,* 90 AD2d 705, 706.) Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Smith, JJ.