OPINION OF THE COURT
Ruth Pickholz, J.
The defendant was arrested on October 28, 1994 and issued a desk appearance ticket (DAT) charging him with three counts of assault in the third degree (Penal Law § 120.00 [1], [2], [3] — class A misdemeanors), and leaving the scene of an *372 accident (Vehicle and Traffic Law § 600 [2] [o] — a class B misdemeanor). On January 17, 1995, the charge of Penal Law § 120.00 (2) was dismissed upon the People’s motion and the remaining assault counts were each reduced to attempted assault in the third degree (class B misdemeanors). The defendant now moves to dismiss the accusatory instrument on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30 (1) (c).
For the reasons set forth herein, defendant’s motion to dismiss is granted.
Where the original accusatory instrument charging an A misdemeanor is replaced with an accusatory instrument charging a B misdemeanor, the People are bound by the speedy trial time provided by the original charge, unless there is an indication that the original charge was baseless from the outset or made in bad faith. (People v Derosier, NYLJ, Oct. 27, 1994, at 29, col 3 [Crim Ct, NY County], and cases cited therein.) In the instant matter, there is no indication that the People either acted in bad faith or that the original charges were baseless from the outset, nor does defendant make any specific allegation of such in his moving papers. Accordingly, this court finds that the 90-day period derived from the original class A misdemeanor charges apply. (CPL 30.30 [1] [b]; People v Derosier, supra; cf., People v Bernard, 129 Misc 2d 1083 [Crim Ct, Queens County 1985].)
Turning to the particular adjournments in this case, the court makes the following findings.
On November 22, 1994, defendant first appeared in response to the DAT. Although the Legal Aid Society represented defendant on this date, the case was adjourned to December 13, 1994, for defendant to appear with private counsel and for defendant’s arraignment on the accusatory instrument. This period is excludable. (CPL 30.30 [4] [f].)
On December 13, 1994, defendant indicated that he could not afford private counsel and the Legal Aid Society was assigned to represent defendant. Defendant was arraigned and a motion schedule was set by the court. The case was adjourned to January 17, 1995 for the People’s response to defense motions and for the court’s decision thereon. This period is excludable. (CPL 30.30 [4] [a].)
On January 17, 1995, the People filed and served their response to defense motions. Further, the count of reckless assault was dismissed and the two remaining counts of assault *373 were reduced to attempted assault. The court denied defendant’s facial sufficiency motion and, there being no requested hearings, adjourned the case to February 22, 1995 for trial. Defendant now argues that this period is not excludable pursuant to People v Green (90 AD2d 705 [1st Dept 1982]) and People v Douglas (156 AD2d 173 [1st Dept 1989]). Specifically, defendant avers that the People’s reliance upon Green and Douglas (supra) is misplaced as there were no pretrial hearings requested and therefore the People were not placed in the position of having to be ready for a hearing before being aware that the court would be ordering one. This court might find such an argument persuasive had defendant not included a facial sufficiency motion in his omnibus motion. However, in light of the fact that defendant moved for dismissal, this case is analogous to the situation in Douglas (supra), where the Court found the adjournment period following its denial of defendant’s speedy trial motion excludable. Thus a portion of this adjournment is excludable.
The question presented is how much of the adjournment will be excluded for the purpose of trial preparation. People v Green and People v Douglas (supra) do not stand for the proposition that any adjournment for trial no matter how long is automatically excludable. Rather, only that period reasonably necessary to allow the prosecution to prepare for trial will be excluded. So, for example, while a five-week adjournment might be reasonable in a case involving several witnesses, complicated legal issues or investigation, a similar adjournment would not be justified in a simple petit larceny or theft of services case involving only one witness. A perusal of the accusatory instrument in the case at bar does not indicate any complications requiring the People to need more than two weeks to prepare for trial. The prosecutor’s terse, boilerplate response citing People v Green as conferring a blanket exclusion on all adjournments for trial will not suffice.
Accordingly, this court finds that without any affirmative explanation by the People for the necessity of a lengthy adjournment, two weeks will presumptively be considered a reasonable time to prepare for a misdemeanor trial. There being no clear consent or request by defense counsel to the lengthy adjournment in this case (People v Liotta, 79 NY2d 841 [1992]), 14 days are excludable pursuant to Green and Douglas (supra), and the People are charged with the remainder of the adjournment (21 days).
On February 22, 1995, the People were not ready to proceed *374 to trial and the case was adjourned to March 29, 1995, for this purpose. This period is chargeable to the People (35 days). (See, People v Stiles, 70 NY2d 765 [1987].)
On March 29, 1995, the People were again not ready to proceed to trial and the case was adjourned for this purpose to May 5, 1995. This is an includable adjournment (37 days).
On May 5, 1995, defendant filed the instant speedy trial motion and the case was adjourned to June 15, 1995, for the court’s decision thereon and for trial. This period is excludable. (CPL 30.30 [4] [a].)
In sum, the People are charged with 93 days. Accordingly, defendant’s motion to dismiss is granted.