■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON VASQUEZ, Appellant. [769 NYS2d 891]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J., on speedy trial motion; Richard Carruthers, J., at jury trial and sentence), rendered August 1, 2000, convicting defendant of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 18 years to life, and order, same court (Richard Carruthers, J.), entered on or about October 30, 2001, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

The court properly denied defendant's speedy trial motion. Only the period from June 25 to August 18, 1999 is at issue on appeal. In response to defendant's motion, the People argued that this period was excludable because "[t]he case was adjourned for trial following decision on defendant's pre-trial motions," citing *People v Douglas* (156 AD2d 173 [1989]). Since, according to defendant's own calculation, his speedy trial claim would be unavailing if only eight days were excludable, and since we find that an eight-day postdecision adjournment to prepare for a pretrial hearing and/or for trial was reasonable under the circumstances (*see e.g. People v Green,* 90 AD2d 705, 706 [1982], *lv denied* 58 NY2d 784 [1982]), we need not decide whether the entire adjournment was excludable under CPL 30.30 (4) (a). Defendant's argument that the court's finding was contrary to the minutes of the June 25th adjournment is unpreserved (*see People v Goode,* 87 NY2d 1045 [1996]; *People v Luperon,* 85 NY2d 71, 77-80 [1995]; *see also People v Turriago,* 90 NY2d 77, 83-84 [1997]), and we decline to review it in the interest of justice.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen,* 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

We have considered and rejected the claims contained in defendant's pro se supplemental brief. Concur—Nardelli, J.P., Sullivan, Rosenberger, Lerner and Gonzalez, JJ.