People v Sotos (2024 NY Slip Op 51244(U))

[*1]

People v Sotos

2024 NY Slip Op 51244(U)

Decided on September 10, 2024

Supreme Court, Kings County

Quiñones, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 10, 2024
Supreme Court, Kings County

People of the State of New York

against
Achilles Sotos, Defendant.

Indictment No. 72022-2023

For the defendant:
SMC Law Firm 
By: Samantha Chorny, Esq. 
For the People:
Kings County District Attorney's Office
By: Adam Ghalmi, Esq., Assistant District Attorney

Joanne D. Quiñones, J.

The defendant is charged in the instant indictment with Assault in the Second Degree and other related charges. The allegations stem from an incident alleged to have occurred on February 11, 2023. By motion filed and served on July 30, 2024, the defendant moves to challenge the People's certificate of compliance (COC) pursuant to Criminal Procedure Law (CPL) section 245.50(1), and to dismiss the indictment pursuant to CPL section 30.30(1)(a).[FN1]
The People served and filed opposition on August 20, 2024,[FN2]
and the defendant filed a reply on August 26, 2024.[FN3]
DISCUSSION
Certificate of Compliance
The People served a COC and statement of readiness (SOR) on September 6, 2023. The defense now challenges the People's COC and SOR for their purported failure to "disclose [*2]pertinent medical records related to the complainant's treatment for his supposed injuries" (Defense Aff at 4). The defense submits that the complainant was seen by emergency medical services after the alleged incident (see id.). 
CPL section 245.20(1) requires the People to disclose to the defendant "all items and information that relate to the subject matter of the case," that are within or under the People's "possession, custody, or control, including but not limited to," the items listed in CPL section 245.20(1)(a)-(u). The People are required to "make a diligent, good faith effort to ascertain the existence of material or information discoverable" (CPL § 245.20[2]). Once the People have complied with the mandates of CPL section 245.20, the People are required to serve and file a COC (CPL § 245.50). The filing of a "proper" certificate of compliance is a prerequisite to the People being deemed ready for trial (CPL § 245.50[3]; see People v Berkowitz, 68 Misc 3d 1222[A] [Crim Ct, Kings County 2020]; People v Lobato, 66 Misc 3d 1230[A], *4 [Crim Ct, Kings County 2020]). Thus, a statement of readiness (SOR) "must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of" CPL section 245.20 (CPL § 30.30[5]).
The issue before the court is whether the defense's motion challenging the COC was timely made. As the defense correctly notes, there is no time frame in CPL article 245 by which a motion challenging the COC must be made. Notwithstanding, the statute requires that where the defense is aware of a potential defect or deficiency related to a COC, counsel must "notify or alert the opposing party as soon as practicable" of the defect (CPL § 245.50[4][b]). The statute further requires that a motion challenging a COC be made "as soon as practicable" (CPL § 245.50[4][c]).
Here, the defense was on notice that the complainant might have required medical attention when the COC was filed. The defense was first alerted of the alleged injury by the March 26, 2022 Criminal Court complaint, which states in pertinent part, "the defendant sprayed the informant in the face with pepper spray [and] caused informant to suffer redness and burning to the eyes to suffer substantial pain, [and] to fear further physical injury." The People submit, and the defense does not dispute, that in body worn camera footage served on the defense on September 6, 2023, the complainant is observed refusing further medical attention on the scene and not transported to a hospital (see People's Memo at 17). Notwithstanding this, the instant motion, filed on July 30, 2024, was made 328 days after the COC was served, 130 days after the filing of the defendant's first motion to dismiss, 84 days after pre-trial suppression hearings were held, and six days prior to the previously scheduled trial date of August 5, 2024. The defense failed to provide any explanation for the delay in bringing this motion. Indeed, courts have refused to consider COC challenges under motions made far sooner than 328 days after the COC was filed (see People v Seymour, 2024 WL 4096844, 2024 NY Slip Op 24234 [App Term, 2d Dept, 9th and 10th Jud Dists 2024] [COC challenge untimely where motion filed 72 days after COC filed]; People v Chavers, 80 Misc 3d 1218[A], *1-2 [Sup Ct, Kings County 2023] [59 day delay deemed untimely]).
The circumstances presented here dictate denial of the branch of the defendant's motion challenging the COC, filed 328 days after service of the COC, as untimely. In any event, the People have now affirmed that no EMS records exist for the complainant. 
Speedy Trial
Where a defendant is charged with a felony, a motion to dismiss must be granted if the People are not ready for trial within six months of the commencement of the criminal action [*3](CPL § 30.30[1][a]). "Whether the People have satisfied this obligation is determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any post-readiness periods of delay that are actually attributable to the People and are ineligible for exclusion" (People v Cortes, 80 NY2d 201, 208 [1992]). The defense has the initial burden of showing through sworn allegations of fact, that there has been an inexcusable delay beyond the time allotted by the statute. Once the defense has made that showing, the People bear the burden of demonstrating sufficient excludable time to withstand a motion to dismiss (see People v Santos, 68 NY2d 859, 861 [1986]; People v Berkowitz, 50 NY2d 333, 349 [1980]).
"A criminal action is commenced by the filing of an accusatory instrument against a defendant in criminal court" (CPL § 1.20[17]; see also CPL § 100.05; People v Lomax, 50 NY2d 351, 356 [1980]). Here, the defendant was arraigned in Criminal Court on March 26, 2023. As such, this case commenced on March 26, 2023, and the People had six months, or in this case 184 days, in which to announce their readiness for trial.
By decision and order dated April 23, 2024, the court rendered a decision on the defendant's speedy trial motion. Therein, the court found 171 chargeable days from March 26, 2023, the date the criminal complaint was filed, to April 23, 2024, the date its decision was issued. Considering that the defendant's motion to challenge the People's COC was denied herein, the court adheres to the calculations set forth in its April 23, 2024 decision and order. 
Based on a review of the official court file and the submissions of the parties, the court finds as follows with respect to the remaining adjournments:
March 18, 2024 — April 30, 2024 (0 days chargeable)
On March 18, 2024, the defense advised the court that a speedy trial motion had been filed. A briefing schedule was set and the People were directed to file a response to the defendant's speedy trial motion by April 1, 2024. The matter was adjourned to May 22, 2024, for the court's decision.
On April 23, 2024, the court issued a decision on the defendant's speedy trial motion off-calendar. The court denied the motion and held that the People were charged with 171 non-excludable days. The case was advanced to April 30, 2024 to select hearing dates.
The period from March 18 to April 23, 2024 is excludable as an adjournment for motion practice and the time during which a motion was under consideration by the court (see CPL § 30.30[4][a]; see also People v Shannon, 143 AD2d 572 [1st Dept 1988] [time while speedy trial motion is under consideration by the court is excludable]). 
The seven days between April 23 and April 30, 2024, are excludable as the People had previously declared their readiness for trial by previously filing and serving a COC and SOR. This period is also excludable as a reasonable adjournment following denial of a speedy trial motion (see People v Garay, 158 AD3d 508, 508-509 [1st Dept 2018] ["reasonable 20-day adjournment following the decision on [prior CPL 30.30] motion was excludable"]; People v Douglas, 156 AD2d 173, 174 [1st Dept 1989] [seven-day adjournment after court's denial of speedy trial motion was reasonable and excludable]).
April 30, 2024 — May 7, 2024 (0 days chargeable)
On April 30, 2024, the parties appeared in Part 9 and the court provided the parties with written copies of its decision on the defendant's speedy trial motion. The case was adjourned to May 7, 2024 for hearings.
This period is excludable as the People had previously declared their readiness for trial (see Cortes, 80 NY2d at 214 [People not required to repeatedly announce their readiness for trial throughout the pendency of a criminal action]). Further, the defense has failed to establish why this post-readiness period should be charged to the prosecution (see People v Beasley, 69 AD3d 741, 743 [2d Dept 2010] ["it is the defendant who bears the burden of demonstrating that any post-readiness delays should be charged to the People"]).
May 7, 2024 — June 4, 2024 (0 days chargeable)
On May 7, 2024, hearings were conducted in Part 34. After hearings concluded, the case was adjourned to June 4, 2024 in Part 9 for decision.
This period is excludable as an adjournment for motion practice and the time during which a motion was under consideration by the court (see CPL § 30.30[4][a]).
June 4, 2024 — August 5, 2024 (0 days chargeable)
On June 4, 2024, the parties appeared in Part 9. The court emailed copies of the hearing decision to the parties and the case was adjourned to August 5, 2024, for trial.
On July 30, 2024, the defendant filed the instant motion to dismiss off-calendar.
The period from June 4, 2024 to July 30, 2024 is excludable as a reasonable adjournment following decision on potentially dispositive defense motions (see People v Robinson, 225 AD2d 399, 401 [1st Dept 1996] ["the trial court properly excluded the period from the rendering of its oral decision on suppression motions to the next adjournment date, as a reasonable adjournment following decision on potentially dispositive defense motions"]). This period is further excludable as the People had previously declared their readiness for trial.
The period from July 30, 2024 to August 5, 2024 is excludable as an adjournment for motion practice and the time during which a motion was under consideration by the court (see CPL § 30.30[4][a]).
August 5, 2024 — September 10, 2024 (0 days chargeable)
On August 5, 2024, the court set a motion schedule directing the People to submit their response to the defendant's motion to dismiss by August 13, 2024. The matter was adjourned to September 10, 2024 for decision.
On August 13, 2024, the assigned Assistant District Attorney (ADA) emailed the court requesting an extension to submit their response. The court granted the ADA's request and directed the People to submit their response by August 20, 2024, and the defendant to submit his reply by August 27, 2024. On August 20, 2024, the People submitted their response. On August 27, 2024, the defendant submitted his reply.
This period is excludable as an adjournment for motion practice and the time during which a motion was under consideration by the court (see CPL § 30.30[4][a]).

 CONCLUSION
In total, the People are charged with 171 days which does not exceed the statutory time limit provided by CPL section 30.30(1)(a). Accordingly, the defendant's motion to dismiss the indictment on speedy trial grounds is denied.
This constitutes the Decision and Order of the court.
Dated: September 10, 2024
Brooklyn, NY
Hon. Joanne D. Quiñones, J.S.C.

Footnotes

Footnote 1:NY St Cts Elec Filing (NYSCEF) Electronic Document Delivery System (EDDS) Doc ID RNQRQC. 

Footnote 2:NYSCEF EDDS Doc ID OVMEPZ.

Footnote 3:NYSCEF EDDS Doc ID UUJRED.